UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Aaron Monroe Cash, Jr., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| versus § | | Civil Action H-06-3993 |
| § | | |
| Jetro Holdings, Inc., § | | |
| § | | |
| Defendant. § | | |

## Opinion on Summary Judgment

1.     *Introduction.*

An employee was an outside salesman for a supply company. He claims overtime pay. Because he is not covered by the Fair Labor Standards Act, he is owed nothing.

2.     *Background.*

Restaurant Depot America, Inc., is a wholesale supplier of food, supplies, and equipment to restaurants. Its customers shop at the store and haul their purchases to their restaurants. Depot employed Aaron Cash as a field marketing representative from April 2005 to March 2006. It hires representatives like Cash to visit restaurants and encourage them to visit the store and buy supplies.

Cash was paid a salary of approximately $1,150 every two weeks. He was also paid a commission on sales from his promotional efforts. His responsibilities included collecting and documenting customer comments.

Cash says that Depot owes him overtime wages for three weeks during which he worked slightly more than 40 hours. Depot says that he is exempt under the Fair Labor Standards Act for overtime compensation.

3.     *Analysis.*

The Fair Labor Standards Act requires that employers pay employees overtime unless the employee is working in an executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1) (2007). For Cash to be exempt, his work must be of substantial importance and

related directly to management policies or general business operations of the company. 29 C.F.R. § 541.2 (a)(1). It must also require the use of discretion and independent judgment. 29 C.F.R. § 541.2 (e)(2).

    a.    *General Business.*

Cash says that he is not exempt because his primary duty was to increase production by increasing sales. The code distinguishes between employees who administer general business affairs and those who produce goods. 29 C.F.R. § 541.201(a). An employee who produces goods is not exempt, but one who markets a product is. *See Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 8-9 (1st Cir. 1997).

Depot sells equipment and accessories for restaurants. Cash promotes these goods – he produces nothing.

Cash's work must also be important. *See Dalheim v. KDFW-TV*, 918 F.2d 1220, 1230 (5th Cir. 1990). Marketing representatives are Depot's primary contact with its customers. They analyze the market, maintain lists of customers, and obtain information on competitors. The company relies on them to learn the customers' needs and inform them of the company's products. They also represent the company at trade fairs. Cash's work has a substantial effect on Depot's business, and it is important to the company's general operation. It is not routine nor repetitive.

    b.    *Independent Judgment.*

Cash enjoyed substantial discretion in much of his work. To qualify under the code, it must have been on matters of significance, though it can be subject to oversight by higher level management. 29 C.F.R. § 541.202(a)-(c). Cash says that he did not have the ability to exercise his own judgment because he was assigned a particular area and was told the types of businesses to contact.

Being assigned a particular area is hardly dependence – if he and his fellow representatives were not assigned distinct areas, they would be competing inefficiently with one another. While Cash was told to contact types of businesses, he would be contacting that type anyway; a direction to promote restaurant supplies and equipment to restaurants is not limiting Cash's discretion. If he managed to interest pet stores or accounting firms in restaurant equipment, it Depot would not have refused the sale.

In essence, Cash chose how best to promote Depot. He decided the restaurants to visit after he assessed the market. He chose what to say and how to say it. Depot supplied a goal but no specific directions to reach it; Cash not only exercised independent judgment, he could not do his job without it.

4.  *Conclusion.*

Cash is an exempt employee. He is not entitled to overtime pay. Aaron Cash will take nothing from Restaurant Depot America, Inc.

Signed April 11, 2008, at Houston, Texas.

　　　　　　　　　　　　　　　　　　Lynn N. Hughes
　　　　　　　　　　　　　　　　　United States District Judge